UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PRINCE RASHEEM ABDUL WILLIS,

               Plaintiff,

           - against -

OLUFEMI OGUNJANA, Landlord, *et al.*,

               Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-3150 (OEM) (SDE)

ORELIA E. MERCHANT, United States District Judge:

      Pro se plaintiff Prince Rasheem Abdul Willis ("Plaintiff") commenced this action against 22 defendants and moved to proceed *in forma pauperis* ("IFP"). Complaint ("Compl."), Dkt. 1; IFP Motion, Dkt. 2. For the following reasons, the Court grants Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a) and dismisses the complaint with leave to file an amended complaint by November 21, 2025.

## BACKGROUND

Plaintiff alleges that:

> This matter arises from a pattern of abuse, misconduct, and violations of public trust carried out by parties listed in the Verified Petition, including landlords Olufemi Ogunlana and Parish Ogunjana (aka Parish McMillan); upstairs agents Jeremiah W. Elliot, Christine Foureau, and Amithe Foureau; police officers of the 69th Precinct including Lieutenant Louis, Sergeant Ramos (Shield #4199), Sergeant Conti (Shield #5054), P.O. Campbell (#12839), P.O. Torres (#16612), P.O. Zhumi (#11346), P.O. Sharma (#5281), P.O. Singh (#4667), and P.O. Fontaine (#20385); District Attorney Eric Gonzalez and unnamed District Attorneys; and various judicial actors including Judges Devin R. Robinson, Jennifer A. Tubridy, and Phillip V. Tinsel, with recordings by clerks Michele Russo, Lauren Gode, and Jillian Bejarano and counsel under duress Wynton O. Sharpe.

1

Compl. at 7.[1]

Plaintiff's 90-page complaint sues "landlords, tenants, police officers, district attorneys, judges, and other agents involved," and alleges, in pertinent part, that on January 1, 2025, he was falsely arrested. *Id.* at 1. He seeks $2,500,000 in damages. *Id.* at 2.

## LEGAL STANDARDS

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). But the Court need not accept as true "legal conclusions." *Iqbal,* 556 U.S. at 678. A *pro se* complaint is to be liberally construed*,* and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nonetheless, when a plaintiff seeks to proceed without paying the filing fee, a district court must dismiss the IFP action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Citations to ECF refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

**A.  Plaintiff's Lease Agreement Claims**

Plaintiff asserts claims against his landlords and neighbors Olufemi Ogunlana (or Ogunjana), Parish Ogunjana, Jeremiah W. Elliot, Christine Foureau and Amithe Foureau arising out of a lease agreement signed in January 2024.  Compl. at 1-2.

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits of claims.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A plaintiff bears the burden of establishing subject matter jurisdiction over his own claims.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question,  28 U.S.C. §1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Here, Plaintiff's claims of breach of contract, breach of trust or fiduciary breach, and harassment do not arise under federal law, and any claim related to "the landlord-tenant relationship is fundamentally a matter of state law."  *Kheyn v. City of New York*, 10-CV-3233-34 (SLT), 2010 WL 3034652, at *2  (E.D.N.Y. Aug. 2, 2010) (citing cases); *accord Cain v. Rambert*, 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y May 30, 2014) (federal courts lack jurisdiction over landlord-tenant claims); *Rosquist v. St. Marks Realty Assoc., LLC*, 08-CV-02764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject-matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction

proceeding). Therefore, Plaintiff's claims against his landlords and neighbors Olufemi Ogunlana (or Ogunjana), Parish Ogunjana, Jeremiah W. Elliot, Christine Foureau and Amithe Foureau are dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## B. Plaintiff's Civil Rights Violations Claims

The Court construes the remainder of Plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation omitted). In order to state a Section 1983 claim, a plaintiff must allege that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.* at 127.

### 1. Judicial Defendants

Plaintiff brings claims against Judge Devin R. Robinson, Judge Jennifer A. Turbidy, Judge Phillip V. Tinsel, Michele Russo, Lauren Gode and Jillian Bejarano (the "Judicial Defendants"). The complaint does not allege specific facts as to each judicial defendant. To the extent Plaintiff sues the Judicial Defendants for actions taken in their judicial capacity, absolute immunity bars those claims.

Indeed, judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is

4

an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quoting *Stump*, 435 U.S. at 356).

Further, absolute judicial immunity extends to Clerk's Office employees "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). "Even 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer . . . that officer's immunity is also available to the subordinate.'" *Id.* at 67 (quoting *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)). The "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity." *Id.* at 66; *see also Pikulin v. Gonzalez*, 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"). Accordingly, those claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. Prosecutor Defendants

Plaintiff also asserts claims against Eric Gonzalez, the Kings County District Attorney, and unnamed Assistant District Attorneys ("ADA") (the "Prosecutor Defendants"). However, such claims cannot proceed because prosecutors are entitled to absolute immunity for acts taken as in their prosecutorial capacity. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to

5

absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)); *Imbler*, 424 U.S. at 431 n.33 (a prosecutor's functions preliminary to the initiation of proceedings include "whether to present a case to the grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present").

Further, Plaintiff's complaint cannot proceed against Eric Gonzalez as the Kings County District Attorney because he is entitled to sovereign immunity under the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 535 (2d Cir. 1993) (holding that the district attorney represents the State not the county when prosecuting a criminal matter). The Eleventh Amendment "bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). Accordingly, Plaintiff's claims against the Prosecutor Defendants are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 3. Private Defendant

Plaintiff brings a claim against his attorney Wynton O. Sharpe, Esq. To state a Section 1983 claim, Plaintiff must allege facts showing that Sharpe acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). However, the complaint is devoid of any factual allegations as to

6

Sharpe.  To the extent Plaintiff sues his public defender, court-appointed attorney, or retained attorney, such claims cannot proceed.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law when performing traditional functions as counsel); *McCloud v. Jackson*, 4 F.App'x 7, 9-10 (2d Cir 2001) (defense counsel does not act under color of state law); *Rodriguez*, 116 F.3d at 65-66 (court-appointed counsel does not act under color of state law).  Therefore, Plaintiff's complaint against Sharpe is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.  Plaintiff's False Arrest Claim

Plaintiff asserts a false arrest claim against Lieutenant Louis, Sergeant Ramos, Sergeant. Conti, Officer Campbell, Officer Torres, Officer Zhumi, Officer Sharma, Officer Singh and Officer Fontaine ("Police Defendants").  Plaintiff alleges that on January 1, 2025, he was under arrested under questionable circumstances, treated with hostility by police personnel, and subjected to an unlawfully prolonged period of detention.  Compl. at 49-50.  These claims, however, cannot proceed as currently presented.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them.  *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Furthermore, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).  A complaint that does not allege the personal involvement of a defendant fails as a matter of law.  *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order); *Blackson v. City of New York*, 14-CV-452 (VEC), 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2,

7

2014) (dismissing claims where plaintiff made "no specific allegations" about defendants' conduct apart from naming them as defendants).

Even under a liberal construction, the Court cannot discern the basis for Plaintiff's claims against each Police Defendant or determine what each Police Defendant did or failed to do. The Court is not required to sift through Plaintiff's 90-page complaint to determine whether he states a claim against each Police Defendant. *See, e.g., Irons v. U.S. Gov't*, 21-CV-4683 (KAM), 2021 WL 4407595, at *2 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or attached exhibits to ascertain the factual basis for plaintiff's claims."). Plaintiff's claims against the Police Defendants are dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), but with leave to file an Amended Complaint against the Police Defendants.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, and for seeking damages against defendants who are immune. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court grants Plaintiff leave to file an amended complaint by November 21, 2025, against the NYPD Police Officers allegedly involved in his January 1, 2025 arrest that complies with Fed. R. Civ. P. 8(a). If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-3150 (OEM) (JRC). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each individual Defendant with personal involvement for the acts or omissions giving rise to his claims. Plaintiff must provide a service address for each Defendant named.

8

Plaintiff should refrain from using legal terms and simply state what happened to him, when and where it happened, and who was personally involved in the events giving rise to his claim(s).

The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. Any facts or claims that are relevant from the original complaint must be repeated in the amended complaint.

If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order along with a General Complaint form to Plaintiff and to note the mailing on the docket. Plaintiff may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.

_____
ORELIA E. MERCHANT
United States District Judge

Dated:  October 22, 2025
        Brooklyn, New York

9